UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22183-CIV-KING
MAGISTRATE P. A. WHITE

CHRISTOPHER URIAH ALSOBROOK,    :

      Plaintiff,               :

v.                              :          REPORT OF
                                           MAGISTRATE JUDGE
SGT. ALVARADO, et al.,
                                :

      Defendants.              :
_____

## I. Introduction

The pro-se plaintiff, Christopher Uriah Alsobrook, filed a civil rights complaint pursuant to 42 U.S.C. §1983.(De#1) The plaintiff alleges that officers at the South Florida Reception Center endangered him and failed to intervene when he was assaulted by another inmate. The plaintiff seeks monetary damages. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

           *   *   *

      (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

           *   *   *

      (B) the action or appeal –

           *   *   *

      (i)  is frivolous or malicious;

      (ii) fails to state a claim on which relief may be granted; or

      (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

2

Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)").  In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's  rights,  privileges,  or  immunities  under  the
Constitution or laws of the United States.  Arrington v. Cobb
County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon
which relief can be granted, the Court must engage in a two-step
inquiry.  First, the Court must identify the allegations in the
complaint that are not entitled to the assumption of truth. Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly
applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d
1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and
"[t]hreadbare recitals of the elements of a cause of action [that
are] supported by mere conclusory statements."  Second, the Court
must determine whether the complaint states a plausible claim for
relief.  Id.  This is a "context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  The plaintiff is required to plead facts that show more
than the "mere possibility of misconduct."  The Court must review
the factual allegations in the complaint "to determine if they
plausibly suggest an entitlement to relief."  When faced with
alternative explanations for the alleged misconduct, the Court may
exercise its judgment in determining whether plaintiff's proffered
conclusion is the most plausible or whether it is more likely that

no misconduct occurred.[1]

      B.   <u>Factual Allegations</u>

     The plaintiff alleges that Officer Alvarado knowingly endangered him by failing to change his cell when the plaintiff's cell mate, a known violent felon, informed him that if he failed to remove the plaintiff, he would "send him out". He further alleges that when he was assaulted by the fellow inmate, Sgt. Medina viewed the assault, and when the plaintiff requested help, told him to "handle your business". The plaintiff includes a copy of the disciplinary report he received for fighting with another inmate. The plaintiff claims that since the assault he suffers from headaches, vertigo and extreme nausea and vomiting.

    C.   <u>Analysis of Sufficiency of Complaint</u>

     1.  <u>Endangerment</u>

    It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of anothers actions.[2] <u>Smith v. Wade</u>, 461 U.S. 30 (1983);

---

   [1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

   [2] If the plaintiff was a pretrial detainee at the time of the events alleged, his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-74 (11 Cir. 1985).

Redman v. County of San Diego, 896 F.2d 362, 364-66 (9 Cir. 1990) (pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5 Cir. 1983); Jones v. Diamond, 636 F.2d 1364, 1374 (5 Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5 Cir. 1974). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v. Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11 Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11 Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

In this preliminary stage, the plaintiff has stated a claim for endangerment. His allegations that Officer Alvarado was put on notice as to the danger of an assault by the plaintiff's cell mate are sufficient to state a claim. Alvarado will be served by separate order.

Further, the plaintiff has stated a claim against Officer Medina for failure to intervene, once he allegedly viewed the assault taking place. It is not necessary for a prison or jail official to actually participate in the use of excessive force in

_____

order to be held liable under §1983, he need only be present at the scene and fail to take steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance"); <u>Fundiller v City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985); <u>Harris v Chanclor</u>, 537 F.2d 203, 206 (5 Cir. 1976) ("a supervisory officer is liable under [Section] 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence").  In this case, the defendant had a duty to protect the inmate from his cell mates assault. Service will be ordered upon Officer Medina by separate order.

### III.  Conclusion

It is therefore recommended as follows:

1.  The plaintiff has stated a claim of endangerment against Office Alvarez, and a claim of failure to intervene against Officer Medina.

2.  This case shall proceed against the named defendants.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 28th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:  Christopher Uriah Alsobrook, Pro Se
     D09876
     Suwannee Correctional Institution
     Address of Record
```