UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22183-CV-KING/WHITE

CHRISTOPHER URIAH ALSOBROOK,

    Plaintiff,

v.

SGT. ALVARADO, et al.,

    Defendants.
_____/

## ORDER GRANTING PARTIAL DISMISSAL OF AMENDED COMPLAINT

THIS CAUSE comes before the Court upon Magistrate Judge Patrick A. White's February 4, 2011 Report and Recommendation (DE #43).[1] In his Report, Magistrate Judge White recommended denying Defendants Alvarado and Medina's Motion to Dismiss (DE #34) on the basis that the *Heck* doctrine was inapposite.[2] Upon consideration, the Court determines that Defendants' Motion to Dismiss must be granted in part: Count I shall be dismissed for lack of subject-matter jurisdiction.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that certain § 1983 claims are barred where the result of those claims would be to overturn previous disciplinary action. *Id.* at 486-87. According to the Supreme Court, in any § 1983 action brought by a prisoner, a district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

---

[1] The procedural history of the above-styled matter is clearly laid out by Magistrate Judge White's Report and will not be repeated here.
[2] Defendants Alvarado and Medina filed their Objections (DE #44) on February 18, 2011, and the matter is therefore ripe for review.

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Here, there is no dispute that Plaintiff suffered disciplinary action resulting from the events in question: namely, a fight between Plaintiff and his cell-mate on June 6, 2009. (DE #15-1). Nor is there any dispute regarding the resulting disciplinary action: Plaintiff suffered the deprivation of 30 days gain time for fighting, and for 60 days of gain time for disrespecting officials. *Id.* Instead, the issue before the Court – at least as to Count I – is whether the Amended Complaint (DE #18) implicates the disciplinary action previously taken against Plaintiff.

Upon consideration, the Court finds that Plaintiff's Amended Complaint, at least in part, implicates and contradicts the disciplinary action and is therefore barred by *Heck*. While Magistrate Judge White's Report determined that *Heck* was inapplicable because Plaintiff neither "challenge[d] his disciplinary report, nor ... [sought] restoration of gain time" (DE #43), such is not the standard by which *Heck*'s applicability must be determined. Instead, a prisoner's § 1983 claim is barred by *Heck* where any such claim would necessarily call into question the disciplinary action taken against the prisoner. *See Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (finding that, if good-time credits have been eliminated, *Heck* applies where a complaint seeks a judgment at odds with earlier disciplinary action). *See also Wooten v. Law*, 118 Fed. Appx. 66, 68-69 (6th Cir. 2004) (determining that prisoner's claims were barred where they would have disturbed earlier disciplinary punishment).

Under that standard, the Court cannot but conclude that Count I of Plaintiff's Amended Complaint would undermine the disciplinary action taken against him on June 6, 2009. As pleaded, Count I undermines the resolution of the disciplinary action for fighting in that Count I

2

alleges that Plaintiff was the innocent victim of an assault in his jail cell and that Defendants Alvarado and Medina witnessed that assault but took no action. Such allegations do not comport with the resolution of the disciplinary action against Plaintiff. (DE #34). *Cf. Edwards v. Baliosk*, 520 U.S. 641, 648 (1197); *Heck*, 512 U.S. at 486-87. Count I is therefore *Heck*-barred,[3] and Count I shall be dismissed.

As to Plaintiff's claim for denial of medical attention in Count II of the Amended Complaint, the Court concurs with Magistrate Judge White that the claim shall proceed, although on a basis different from that of Magistrate Judge White's Report. Magistrate Judge White concluded that it was too early to determine whether qualified immunity barred Plaintiff's claim against Defendant Medina. (DE #43 at 9).

However, the Court finds that there is no need to await further development of this issue, as qualified immunity can be decided even at the motion to dismiss stage. It is clear that no such qualified immunity exists here. *See Saucier v. Katz*, 533 U.S. 194 (2001). Under *Saucier*'s two-prong standard, a court must consider whether 1) the facts as alleged demonstrate a violation of a constitutional right, and 2) an objectively reasonable officer would have realized the facts as alleged violated a clearly established federal law. *Id.* at 200-02. *See also Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (discussing qualified immunity in the context of § 1983 action). While any inquiry into medical indifference is necessarily fact-specific, the Court finds that Plaintiff's Amended Complaint demonstrates both that he was in medical need for an extended duration and that Defendant Medina was aware of that need but took no action. Although Defendant Medina contends that he was helpless to address that need until Plaintiff "cuffed up" (DE #44), there are sufficient allegations in the Amended Complaint which support the claim that

---

[3] The Court notes that it is without jurisdiction to adjudicate this issue until such time as Plaintiff has successfully had his disciplinary record expunged in this regard. *Heck*, 512 U.S. at 486-87.

3

Plaintiff was ready and willing to comply with Defendant Medina's request. Instead, it was his erstwhile opponent who refused to do so. (DE #18 ¶7). His opponent's refusal to comply, however, cannot be sufficient to deny Plaintiff needed medical attention. Nor does this finding contradict or undermine the disciplinary action taken. Because Plaintiff's allegations demonstrate a constitutional right to medical treatment, a clearly established federal law under these circumstances, the Court denies Defendants request for qualified immunity at this time.

In all other respects, the Report is affirmed. Count III of Plaintiff's Amended Complaint shall proceed against Defendant Harris and Defendant, and Defendant's Motion to Stay (#35) is denied as moot.

Accordingly, having independently reviewed the record, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Count I of Plaintiff's Amended Complaint (DE #18) be, and the same is hereby, **DISMISSED.**
2. Defendants Medina and Harris shall **ANSWER** within twenty days the remaining counts of the Amended Complaint as appropriate.
3. Defendants' Motion to Stay is **DENIED as moot.**

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 28th day of February, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Magistrate Judge Patrick A. White**

**Plaintiff,** *pro se*
**Christopher Uriah Alsobrook**
DC #D09876
Suwannee Correctional Institution
5964 U.S. Highway 90
Live Oak, FL 32060

**Counsel for Defendants**
**Ginger Lynne Barry**
Broad and Cassel
200 Grand Blvd, Suite 205A
Destin, FL 32550
850-269-0148
Fax: 850-521-1472
Email: gbarry@broadandcassel.com

**Lance Eric Neff**
Office of Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Email: lance.neff@myfloridalegal.com

**Cedell Ian Garland**
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399
Email: Cedell.Garland@myfloridalegal.com