UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22183-CV-KING

CHRISTOPHER URIAH ALSOBROOK,

    Plaintiff,

v.

SGT. ALVARADO, et al.,

    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants Fatu Kamara-Harris and MHM Solutions, Inc.'s Motion to Dismiss (DE 121), filed July 1, 2013, Defendants Alvarado, Medina, Clay, Crews, and Harris' Motion to Dismiss (DE 127), filed July 17, 2013, and Defendant Green's Motion to Dismiss (DE 154), filed November 4, 2013. In the Motions, Defendants argue that Counts I and II should be dismissed for failure to state a cause of action, or, alternatively, because they are barred by the *Heck* doctrine,[1] that Counts IV, VII, and VIII should be dismissed for failure to state a cause of action, that Counts IV and VII should be dismissed for failure to exhaust administrative remedies, and, finally, that upon dismissal of Counts I, II, and IV, that Counts V and VI must also fail, as they are dependent upon the existence of the constitutional torts complained of in Counts I, II and IV. The Court, being fully briefed on the matter,[2] finds

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).
[2] With respect to Defendants Harris and MHM Solutions, Inc's Motion, the Court has also considered Plaintiff's Opposition to Motion to Dismiss (DE 126), which was filed on July 12, 2013, Defendants' Reply to Plaintiff's Opposition (DE 129), filed July 22, 2013, and Plaintiff's Surreply (DE 141), filed July 29, 2013. With respect to Defendants Alvarado, *et al.*'s Motion, the

1

that Defendants Harris and MHM Solutions, Inc's Motion should be denied, Defendants Alvarado, *et al.*'s Motion should be granted in part, and Defendant Green's Motion should be granted.

## BACKGROUND[3]

On May 22, 2013, Plaintiff Christopher Uriah Alsobrook ("Alsobrook") filed his eight-count Third Amended Complaint (the "Complaint") (DE 105) against Defendants Sergeant Alvarado, Sergeant Medina, Officer Clay, Fatu Kamara-Harris ("Nurse Harris"), MHM Solutions, Inc. ("MHM Solutions"), Michael Crews, David Harris, and Captain Green, alleging causes of action under 42 U.S.C. §1983 related to a violation of Alsobrook's constitutional rights on June 6, 2009, at which time Alsobrook was an inmate at the South Florida Reception Center, and which resulted in Alsobrook sustaining numerous serious injuries. Alsobrook is an inmate in the custody of the Florida Department of Corrections; Captain Green, Sergeant Alvarado, Sergeant Medina, and Officer Clay are employees of the Florida Department of Corrections working at the South Florida Reception Center;[4] MHM Solutions is a foreign corporation, which was under contract with the Florida Department of Corrections to provide healthcare services to inmates at Department of Corrections facilities, including the South Florida Reception Center; Nurse Harris was an employee of MHM Solutions, assigned to work at the South Florida

---

Court has also considered Plaintiff's Opposition to Defendants' Motion to Dismiss (DE 142), which was filed on July 30, 2013, and Defendants' Reply to Plaintiff's Opposition to Motion to Dismiss (DE 145), which was filed on August 8, 2013. With respect to Defendant Green's Motion, the Court has also considered Defendant's Memorandum in Opposition to Green's Motion to Dismiss (DE 160), filed November 20, 2013.

[3] The information contained in this section comes from Plaintiffs' Complaint in this action. On a motion to dismiss, the Court accepts non-conclusory allegations as true and views them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

[4] Sergeant Alvarado, Sergeant Medina, Officer Clay, and Captain Green are sued in their individual capacities.

2

Reception Center as a nurse;[5] Michael Crews is the Secretary of the Florida Department of Corrections;[6] David Harris is the former warden of the South Florida Reception Center.[7]

On the morning of June 6, 2009, Sergeant Alvarado was on duty at the South Florida Reception Center. Alsobrook was in a cell with a cellmate at the South Florida Reception Center. Alsobrook's cellmate told Sergeant Alvarado that he did not want to be in a cell with Alsobrook, and that he would become violent if he was not separated from Alsobrook. Alsobrook also requested to be placed in a cell separate from his cellmate. Sergeant Alvarado did not separate Alsobrook from his cellmate. Shortly thereafter, Alsobrook's cellmate initiated a fight, which resulted in Alsobrook sustaining numerous serious injuries. Alsobrook admitted to fighting with his cellmate, and, accordingly, Alsobrook was cited in a disciplinary report for fighting and suffered the loss of thirty-days gain time. Based on these facts, Count I states a cause of action against Sergeant Alvarado for deliberate indifference to a risk of serious harm.

After several minutes, and while the attack was still ongoing, Sergeant Medina, Sergeant Alvarado, and Officer Clay (together, the "Corrections Officers") came to Alsobrook's cell door, at which time his cellmate stopped attacking him. Alsobrook asked the Corrections Officers to separate him from his cellmate to stop the fight. The Corrections Officers did not move to intercede, and Alsobrook repeated his request, this time using profanity.[8] The Corrections Officers then stood by and watched as Alvarado's cellmate resumed attacking him and the fight began anew. Based on these facts, Count II states a cause of action against Sergeant Medina,

---

[5] Nurse Harris is sued in her individual capacity.
[6] Michael Crews is sued in his official capacity.
[7] David Harris is sued in his individual capacity.
[8] Alsobrook does not contest the validity of the disciplinary report entered against him for his use of profane and disrespectful language when addressing the Corrections Officers, for which he suffered the loss of sixty-days gain time.

Sergeant Alvarado, and Officer Clay for deliberate indifference to a risk of serious harm.

The fight eventually ended, leaving Alsobrook covered with blood and with visible wounds on his face and the back of his head. Sergeant Medina then ordered Alsobrook and his cellmate to allow themselves to be handcuffed through a flap in the cell door. Alsobrook agreed, but his cellmate refused to allow himself to be handcuffed. Sergeant Medina refused to remove Alsobrook from his cell until both inmates were handcuffed. As a result, Alsobrook remained in his cell, untreated, for another two hours. Based on these facts, Count III states a cause of action against Sergeant Medina for deliberate indifference to serious medical needs.

Alsobrook and his cellmate were then removed from their cell by Captain Green and escorted to the infirmary, where Nurse Harris was assigned to provide care to Alsobrook. While in the infirmary, Alsobrook vomited after being overcome with nausea and dizziness. Nonetheless, and despite being in the infirmary for two hours, Nurse Harris neither performed any diagnostic tests on Alsobrook to assess his head trauma nor did she clean, bandage, or suture any of Alsobrook's wounds. Nurse Harris provided Alsobrook with four ibuprofen and he was returned to his cell by Captain Green. Five days later, on June 11, 2009, Alsobrook vomited in his cell, suddenly lost consciousness, and struck his head against his bunk on his way to the floor, causing a new laceration on his forehead. Based on these facts, Count IV states a cause of action against Nurse Harris and MHM Solutions for deliberate indifference to serious medical needs.

Michael Crews, as Secretary of the Florida Department of Corrections, had in place an official policy not to supervise or train healthcare personnel from private contracting firms such as MHM Solutions. Michael Crews has in place an official policy which forbids or discourages

corrections officers from removing inmates from their cells unless all inmates in the cell agree to be, and are, handcuffed, even in the face of medical emergencies. David Harris, as Warden of the South Florida Reception Center, has in place an official policy which forbids or discourages corrections officers from removing inmates from their cells unless all inmates in the cell agree to be, and are, handcuffed, even in the face of medical emergencies.[9] Based on these facts, Count V states a cause of action for policy liability against Michael Crews, in his official capacity as Secretary of the Florida Department of Corrections, and David Harris, in his individual capacity.

Count VI states a cause of action for supervisory liability against David Harris for an alleged failure to train Sergeant Medina, Sergeant Alvarado, and Officer Clay, which led to their deliberate indifference towards Alsobrook's constitutional rights.[10] Additionally, Count VII states a cause of action against MHM Solutions for supervisory liability, based on an alleged MHM Solutions policy, which resulted in a failure to train and supervise employees, such as Nurse Harris, in proper medical care, or encouraging and/or directing employees not to conduct certain diagnostic tests which would reveal injuries that are expensive to treat, such as traumatic brain injuries. And, finally, Count VIII states a cause of action against Captain Green for deliberate indifference to a risk of serious harm for returning Plaintiff to his cell with his cellmate with whom he had just fought.[11]

---

[9] The Complaint contains the following conclusory allegation: "Sergeant Medina has stated that he did not remove the Plaintiff from his cell because he was forbidden by official policy from opening a cell door, even in the case of medical necessity, when one of the cell mates in a cell refuses to allow himself to be handcuffed." (DE 105, ¶ 82).

[10] The allegations regarding David Harris' supervisory liability and failure to train are stated, "upon information and belief." (DE 105, ¶ 91).

[11] The allegations of Count VIII are sparse and, largely, conclusory.

## LEGAL STANDARD ON MOTION TO DISMISS

Defendants' Motion to Dismiss alleges that Counts I, II, V, and VI of the Complaint fail to meet federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681. When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

## DISCUSSION

As noted above, Defendants' Motions set forth a variety of arguments as to why dismissal of the various Counts of the Complaint ought to be dismissed. The Court shall address each in turn. For the reasons cited herein, the Court finds that Defendants Alvarado, *et al.*'s

6

Motion should be granted in part, Defendants Harris and MHM Solutions, Inc's Motion should be denied, and Defendant Green's Motion should be granted.

## A. Count I

Defendants present two bases for which they claim dismissal of Count I is appropriate: i) it is barred by the *Heck* doctrine and ii) it fails to state a claim upon which relief can be granted. For the reasons cited herein, the Court disagrees.

### i. The *Heck* Doctrine

In the instant Complaint, Count I states a cause of action against Defendant Alvarado for deliberate indifference to a risk of serious harm in violation of 42 U.S.C §1983. Upon consideration of a previous iteration of the Complaint in this action (*See* Amended Complaint, DE 18), the Court determined that Plaintiff's cause of action against Defendants Alvarado and Medina for endangerment in violation of 42 U.S.C. §1983 was barred by the *Heck* doctrine, because the allegations contradicted the findings of a disciplinary action against Plaintiff for fighting based on the same incident, for which he suffered a loss of gain time. See *Alsobrook v. Alvarado*, No. 10-22183, 2011 WL 772915, at *1 (S.D. Fla. Feb. 28, 2011); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (barring actions brought under 42 U.S.C. §1983 when the allegations thereof necessarily challenge the validity of a conviction); *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (extending *Heck*-bar to complaints seeking judgment at odds with disciplinary action resulting in loss of good-time credits). To wit, this Court previously found:

> [T]here is no dispute that Plaintiff suffered disciplinary action resulting from the events in question: namely, a fight between Plaintiff and his cell-mate on June 6, 2009. (DE 15-1). Nor is there any dispute regarding the resulting disciplinary action: Plaintiff suffered the deprivation of 30 days gain time for fighting, and for 60 days of gain time for disrespecting officials. *Id.* Instead, the issue before the Court . . . is whether the Amended Complaint (DE 18) implicates the disciplinary

7

action taken against Plaintiff.

*Alsobrook*, 2011 WL 772915, at *1. The Disciplinary Report reflects the following in its "Statement of Facts," which was put forward by Defendant Medina:

> On June 6, 2009 I was assigned to confinement as the Housing Sergeant. At approximately 0750 [hours] I was in the officer station getting briefed by [the] Midnight Sergeant when he heard a loud noise and the door on cell E2109 was po[u]nding. As we approached the cell door I saw inmate Alsobrook . . . fighting with [his cellmate]. Both inmates were ordered to cease their actions and they complied. Shortly, after they started fighting again for approximately 15 seconds, they were again ordered to cease and they complied. Inmate Alsobrook and [his cellmate] did not resume fighting again. They were taken out of the cell and escorted to medical for assessment.

(DE 21-1, *Disciplinary Report*, Log # 402-090282). In the previous Amended Complaint, Count I alleged that Plaintiff was an innocent victim of an assault in his jail cell and that Defendants Alvarado and Medina witnessed the assault but took no action to stop it. (*See* DE 18, ¶¶ 1-5); *Alsobrook*, 2011 WL 772915, at *1. The Court ruled that these allegations did not comport with the resolution of the disciplinary action taken against Plaintiff pursuant to that incident, and Count I was therefore *Heck*-barred. *Alsobrook*, 2011 WL 772915, at *1.

The Amended Complaint, which was dismissed in part as described above, was drafted and filed by Plaintiff proceeding *pro se*. Since that time, Plaintiff secured *pro bono* counsel and filed the instant Complaint. In the instant Complaint, Count I states a cause of action against Defendant Alvarado for deliberate indifference to a risk of serious harm in violation of 42 U.S.C §1983. Defendant argues that this cause of action is similarly *Heck*-barred. For the reasons cited herein, the Court disagrees.

With respect to Count I, Plaintiff alleges: 1) that Plaintiff's cellmate stopped Defendant Alvarado and told Defendant Alvarado that he did not want to be in a cell with Plaintiff, and that

8

if Plaintiff was not removed from the cell he would become violent; 2) that Plaintiff asked to be separated from his cellmate; 3) Defendant Alvarado did nothing in response to this threat of violence towards Plaintiff; 4) that Plaintiff's cellmate subsequently initiated a fight, which Plaintiff participated in and which resulted in Plaintiff sustaining numerous serious injuries; and 5) that the fight would not have occurred if Defendant Alvarado had not ignored this threat towards Plaintiff.

Defendant asserts that these allegations necessarily constitute a challenge to the disciplinary action taken pursuant to this incident, because an adjudication that Alvarado violated Plaintiff's rights "would give rise to inference [sic] that the necessity of fighting back . . . was a result of the officers' inaction." (DE 127 at 5). This argument misses the mark. Claims are barred under the *Heck* doctrine when they necessarily challenge the validity of a conviction, including disciplinary actions resulting in loss of gain time. *Heck*, 511 U.S. at 486-87; *Muhammad*, 540 U.S. at 754-55. In this case, Plaintiff's allegations do not raise the inference that Plaintiff did not fight, or even that Plaintiff should be excused from fighting, but rather, that Defendant Alvarado was deliberately indifferent to the fact that a fight, and the concomitant substantial risk of injury to Plaintiff, was imminent. Moreover, while Plaintiff's allegations interpose facts that occurred *before* the facts described in the Disciplinary Report, the allegations do not contradict the findings of the Disciplinary Report.[12] *Compare* (DE 107, ¶¶ 13-31) *with* (DE 21-1, *Disciplinary Report*, Log # 402-090282, Statement of Facts, *supra*). Accordingly, Count I is not *Heck*-barred, and the Court must consider whether the allegations adequately state a claim demonstrating entitlement to relief. *See Heck*, 511 U.S. at 486-87.

---

[12] Nor does Plaintiff's allegation that his cellmate initiated the fight contradict the Disciplinary Report, as the report does not contain any indication of who started the fight.

### ii. Failure to State a Claim

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment," and "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828, 833 (1994)). However, not every injury suffered by one inmate at the hands of another translates into constitutional liability for prison officials who are responsible for the victim's safety. *Id.* at 834. And, "negligent failure to protect an inmate from attack does not justify liability under section 1983 . . . ." *Carter* 352 F.3d at 1350 (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). Thus, to survive a motion to dismiss, a cause of action for deliberate indifference must adequately plead the existence of "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *See Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *see also Farmer*, 511 U.S. at 834-38 (finding "deliberate indifference" requires that the defendant was "subjectively aware of the substantial risk of serious harm in order to have had a 'sufficiently culpable state of mind'").

As described above, Plaintiff asserts that his cellmate told Defendant Alvarado that he would become violent if Plaintiff was not removed from the cell, that Plaintiff requested to be separated from his cellmate, that Defendant Alvarado did nothing in response to this information, and that a fight ensued, which resulted in serious injuries to Plaintiff. Accordingly, the Court finds that Plaintiff has adequately pled facts which suggest that Defendant Alvarado was subjectively aware of a substantial risk of serious harm to Plaintiff, in response to which Defendant failed to act, and, accordingly, Defendant is not entitled to the relief requested with

10

respect to Count I. *Cf. Carter*, 352 F.3d at 1349-50 (affirming district court's dismissal of inmate's section 1983 action for deliberate indifference where inmate was attacked by his cellmate because inmate never told prison officials that he "feared" his attacker, never told them that he had been "clearly threatened," and never asked to be placed in "protective custody").

### B. Count II

In Count II, Plaintiff states a cause of action against Defendants Alvarado, Medina, and Clay (the "Corrections Officers") for deliberate indifference to serious harm in violation of 42 U.S.C. §1983. Defendants have moved to dismiss Count II for lack of subject matter jurisdiction, claiming this cause of action is barred by the *Heck* doctrine. *See Heck*, 511 U.S. at 486-87; *Muhammad*, 540 U.S. at 754-55. For the reasons cited herein, the Court agrees.[13]

The gravamen of Count II is that the Corrections Officers witnessed Plaintiff fighting with his cellmate and chose not to intercede to stop the fight. Plaintiff also admits that he used profanity when addressing the Corrections Officers, for which he suffered the loss of sixty-days gain time pursuant to a disciplinary action. To wit, the Disciplinary Report's "Statement of Facts," which was put forward by Defendant Medina, reads as follows:

> On June 6, 2009 I was assigned to confinement as the Housing Sergeant. At approximately 0750 [hours] I was in the officer station getting briefed by [the] Midnight Sergeant when we heard a loud noise and the door on cell E2109 was po[u]nding. When I approached cell E2109 inmate Alsobrook . . . looked at me while I was trying to convince him and his roommate to stop fighting and he stated 'man what the f--- are you looking at, why don't you f---ing come in here and get some too.'

(DE 21-1, *Disciplinary Report*, Log # 402-090283). As the Court has previously noted, there is

---

[13] As the Court lacks subject matter jurisdiction over Count II, it is unnecessary to analyze that claim under Rule 12 for failure to state a claim upon which relief can be granted. *See Esensoy v. McMillan*, 2007 WL 257342, at *1 (11th Cir. Jan. 31, 2007) (affirming district court's lack of subject matter jurisdiction over *Heck*-barred claim).

11

no dispute that Plaintiff suffered disciplinary action in connection with this incident. The question, therefore, is whether the allegations of Count II necessarily call into question the validity of the disciplinary action taken against Plaintiff. *See Alsobrook* 2011 WL 772915, at *1; *Heck*, 512 U.S. at 486-87.

> Count II contains, *inter alia*, the following allegations:
>
> 37. The Plaintiff, desperate for intervention and frustrated at the nonresponse of the officers, used profanity in telling the officers to do something to stop the fight.
>
> 43. This count does not call into doubt the validity of the disciplinary report against Plaintiff for showing disrespect to correctional officers. The Plaintiff has not and does not dispute here that while the officers stood passively by and watched the fight, the Plaintiff employed profane and disrespectful language to the officers. However, regardless of the Plaintiff's imprudent use of harsh language, the officers were under an obligation to stop a fight they knew to be occurring and to prevent further serious injury to the Plaintiff, but they failed to do so.

(DE 105, ¶¶ 37, 43). Notwithstanding this limitation, as it were, of Plaintiff's allegations via paragraph 43, *supra*, the allegations of Count II squarely contradict, at least in part, the statement of facts from the disciplinary action taken against Plaintiff pursuant to this incident, which was sustained. *Compare* (DE 105, ¶ 37) *with* (DE 21-1, *Disciplinary Report*, Log # 402-090283, Statement of Facts, *supra*). As such, these allegations do not comport with the resolution of the June 6, 2009 disciplinary action taken against Plaintiff for disrespecting corrections officers, and recognition of Count II as a cognizable cause of action would undermine the validity of that disciplinary action. *Id.*; *see also Heck*, 512 U.S. at 486-87. Count II, therefore, is *Heck*-barred, and is properly dismissed for lack of subject matter jurisdiction. *See id;. see also Esensoy v. McMillan*, 2007 WL 257342, at *1 (11th Cir. Jan. 31, 2007) (affirming district court's lack of subject matter jurisdiction over *Heck*-barred claim).

12

### C. Counts IV and VII[14]

Count IV states a cause of action against Nurse Harris and MHM Solutions for deliberate indifference to serious medical needs in violation of 42 U.S.C. §1983 and Count VII states a cause of action against MHM Solutions for supervisory liability in violation of 42 U.S.C. §1983. Defendants present two bases for which they claim dismissal of Counts IV and VII is justified: i) Plaintiff's claims are barred for failure to exhaust administrative remedies in violation of the Prison Litigation Reform Act ("PLRA) and ii) Plaintiff has failed to state a claim upon which relief can be granted.

#### i. Failure to Exhaust Administrative Remedies

The PLRA requires inmates to exhaust available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted."). Thus, an inmate must follow grievance procedures and exhaust all remedies available under that procedure *before* pursuing an action under §1983. *See Johnson v. Meadows*, 418 F.3d 1152 (11th Cir. 2005). However, "without deciding the issue, [the Eleventh Circuit has] recognized that other courts of appeals have concluded that administrative remedies are unavailable where prison officials do not respond to an inmate's grievances or prevent the filing of grievances." *Tilus v. Kelly*, 510 F. App'x 864, 866 (11th Cir. 2013) (citing *Bryant*, 530 F.3d 1368, 1373 n.6 (11th Cir. 2008)). And, the Eleventh Circuit has approved the resolution of factual disputes surrounding claims of failure to exhaust at the motion to dismiss stage. *See Johnson*, 418 F.3d at 1159; *Bryant*, 530 F.3d at 1368.

---

[14] Defendants' Motion treats Counts IV and VII together, and so too shall the Court.

13

As a preliminary matter, the Court notes that the issue of exhaustion of administrative remedies is an affirmative defense, the burden of which is borne by defendants, and plaintiffs are not required to demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Eleventh Circuit follows a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. *Turner,* 541 F.3d at 102 (citing *Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at the first step, the Court must make specific findings to resolve the factual issues related to exhaustion. *Bryant*, 530 F.3d at 1373-74, 1376.

Plaintiff filed his initial complaint on July 2, 2010. (DE 10). Accordingly, Plaintiff must have exhausted his administrative remedies prior to that date for his §1983 action to be sustained. *Johnson*, 418 F.3d at 1159. Defendants Nurse Harris and MHM Solutions' Motion argues that Plaintiff never submitted a grievance concerning the conduct of Nurse Harris and MHM Solutions, and so his action should be dismissed for failure to exhaust. In his Response, Plaintiff argues that he timely filed an informal medical grievance, as well as an untimely informal medical grievance when no response to his first grievance was forthcoming, and that the grievance procedure was rendered unavailable to him by the prison officials' failure to respond to his grievances.[15] (DE 126). Based on the allegations of Plaintiff's Response, Count IV is not

---

[15] Plaintiff alleges that he filed a medical grievance on June 17, 2009, which is within the fifteen-

subject to dismissal at the first step, and the Court must resolve the factual issues related to exhaustion.

In their Reply (DE 129) in support of the Motion, Defendants attach the sworn, notarized declaration of Mary Vickers, the grievance coordinator of Florida State Prisons, in which Ms. Vickers states, *inter alia*, that Plaintiff never filed any informal or formal grievances regarding the conduct of Nurse Harris and MHM Solutions. (DE 129-1). The only evidence Plaintiff offers in support of the existence of his unanswered medical grievances are the Plaintiff's own hearsay statements contained in another grievance, filed in October of 2010. (DE 126-3). Issues concerning the reliability of Plaintiff's hearsay statements notwithstanding, Plaintiff's evidence is sufficient to dispute the declaration of Ms. Vickers, because it demonstrates that Plaintiff did, at a minimum, file a medical-related grievance in October of 2010, and Ms. Vickers' July 22, 2013 declaration states unequivocally that Plaintiff *never* filed any grievances related to the conduct of Nurse Harris or MHM Solutions. As Ms. Vickers' declaration is demonstrably incorrect, Defendants have failed to carry their burden of demonstrating a failure to exhaust, and Defendants are not entitled to the relief requested.

  ii. **Failure to State a Claim**

With respect to Plaintiff's alleged failure to state a claim upon which relief can be granted, Defendants argue that the allegations of the Complaint clearly show that Nurse Harris treated Plaintiff when he was brought to the infirmary, seen by Nurse Harris, and provided with

---

day window provided for filing such grievances, for which he did not receive a receipt, and for which he never received a response. (DE 126 at 6). Plaintiff further alleges that he filed a second grievance regarding his lack of treatment by Nurse Harris on August 27, 2009 while he was housed at Suwanee Correctional Institution, and that he similarly did not receive a receipt or response for his second, untimely grievance.

four ibuprofen before being returned to his cell. As Defendants put it, Plaintiff's mere disagreement with the type of treatment he received cannot be the basis for a claim for deliberate indifference. Defendants' argument misses the mark.

Defendants misconstrue the Complaint in their motion. Plaintiff does not *disagree* with the course of treatment. Plaintiff alleges that the treatment he received was so grossly inadequate that it amounted to no treatment at all. The Complaint states, *inter alia*, that Plaintiff was brought to the infirmary with open wounds, swelling on his head and face, and covered with blood. The Complaint goes on to allege that Plaintiff vomited while awaiting treatment and, after being "treated," Plaintiff left the infirmary with open wounds, swelling on his head and face, covered with blood, and with four ibuprofen in his pocket. In the Eleventh Circuit, a §1983 action is viable even in cases where an inmate is "treated" by a medical provider where that treatment was so cursory as to amount to no treatment at all. *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985). Accordingly, the Court finds that Defendants are not entitled to the relief sought with respect to Counts IV and VII.

**D. Counts V and VI**

Count V states a cause of action against Michael Crews and David Harris for policy liability in violation of 42 U.S.C. §1983 and Count VI states a cause of action against David Harris for supervisory liability in violation of 42 U.S.C. §1983. Defendants' Motion asserts that Counts V and VI must be dismissed because the validity of those causes of action depends upon the existence of the constitutional torts alleged in Counts I and II, which, Defendants argue, are *Heck*-barred. As the Court has determined that Count I is not *Heck*-barred, this argument must fail. Accordingly, Defendants are not entitled to the relief requested with respect to Counts V and

VI.

    E. Count VIII

Count VIII states a cause of action against Defendant Green for deliberate indifference to a risk of serious harm in violation of 42 U.S.C. §1983. Defendant Green moves to dismiss for failure to state a claim upon which relief can be granted. The allegations of Count VIII are sparse and conclusory. As Plaintiff has failed to plead adequate *facts* demonstrating entitlement to relief, Count VIII must be dismissed.

## CONCLUSION

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants Fatu Kamara-Harris and MHM Solutions, Inc's Motion to Dismiss **(DE 121)** be, and the same is, hereby **DENIED.**

2. Defendants Alvarado, Medina, Clay, Crews, and Harris' Motion to Dismiss **(DE 127)** be, and the same is, hereby **GRANTED IN PART.** Count II is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. Defendant Green's Motion to Dismiss **(DE 154)** be, and the same is, hereby **GRANTED.** Count VIII is **DISMISSED without prejudice**.

4. If Plaintiff so elects, he shall re-file an amended complaint within **twenty (20) days** of the date of this Order. If Plaintiff does not file an amended complaint, Defendants shall **ANSWER** the remaining counts of the Third Amended Complaint **(DE 107)** within **forty (40) days** of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of December, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

CC: Magistrate Judge Chris M. McAliley
All Counsel of Record