UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22183-CIV-KING

CHRISTOPHER URIAH ALSOBROOK,

    Plaintiff,

v.

SERGEANT ALVARADO, SERGEANT MEDINA,
MICHAEL D. CREWS, and DAVID HARRIS,

    Defendants.
_____/

## ORDER DENYING MOTIONS IN LIMINE

**THIS MATTER** comes before the Court upon Defendants' Motion in Limine to Limit Testimony of Plaintiff's Expert Witness, Dr. Marc F. Stern (DE 185) and Plaintiff's Motion in Limine (DE 186), both of which were filed on June 6, 2014.[1]

Defendants seek an order of this Court precluding Plaintff from introducing the testimony of its expert witness, Dr. Marc F. Stern. Upon consideration, the Court finds Dr. Stern's expert testimony would comply with the requirements of Federal Rule of Evidence 702 and the *Daubert* standard for admissibility, and, accordingly, Defendants' requested relief is inappropriate. Defendants may challenge the sufficiency of the data

---

[1] With respect to Defendants' motion, the Court has additionally considered Plaintiff's Response to Defendants' Motion in Limine to Exclude Testimony of Dr. Stern (DE 194), filed on June 23, 2014, and Defendants' Reply to Plaintiff's Response to Motion in Limine to Limit Testimony of Plaintiff's Expert Witness, Dr Marc F. Stern (DE 195), filed on June 30, 2014; with respect to Plaintiff's motion, the Court has additionally considered Defendants' Response to Plaintiff's Motion in Limine (DE 191), filed on June 20, 2014.

1

upon which Dr. Stern based his expert report through cross-examination and argument to the jury.

Plaintiff seeks an order of this Court precluding Defendants from presenting: 1) any evidence relating to his prior felony convictions, 2) any evidence relating to the reason for which he was held "in close management and confinement," 3) any evidence related to his current and/or past gang affiliation, 4) any disciplinary reports related to his prior fights with other inmates, 5) a video of an attempted cell extraction of an inmate while one inmate in the cell is refusing to submit to handcuffs, and 6) his mental health records. In their response, Defendants stipulate that they will not seek to introduce evidence related to Plaintiff's prior felony convictions, evidence related to Plaintiff's incarceration in close management and confinement, or Plaintiff's gang affiliation, except as may be appropriate for impeachment purposes.[2] Upon consideration, the Court finds it would be inappropriate to grant the relief requested in Plaintiff's motion.

Accordingly, it is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendants' Motion in Limine **(DE 185)** be, and the same is, hereby **DENIED without prejudice** to Defendants' ability to raise appropriate objections at the time the evidence is offered at trial.

2. Plaintiff's Motion in Limine **(DE 186)** be, and the same is, hereby **DENIED without prejudice** to Plaintiff's ability to raise appropriate objections at the time the evidence is offered at trial.

---

[2] Accordingly, the motion is moot as to these types of evidence.

2

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 24th day of October, 2014.

*James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc: All Counsel of Record
Judge Edwin G. Torres